UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KRISTOPHER TINGLE,<br>　　　　　Plaintiff,<br>　　v.<br>STEVE DEFILIPPIS,<br>　　　　　Defendant. | Case No. 24-cv-02543-HSG<br>**ORDER OF DISMISSAL** |

Plaintiff, a prisoner housed at Santa Rita Jail, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that his court-appointed counsel, Steve DeFilippis, denied him his Sixth Amendment right to counsel by providing ineffective assistance of counsel. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**I.　Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Complaint

Plaintiff sues his court-appointed attorney Steve DeFilippis for "willfully" denying Plaintiff his Sixth Amendment right to counsel. The Court presumes that defendant DeFilippis represented Plaintiff during the criminal proceeding that resulted in the conviction pursuant to which Plaintiff is currently incarcerated. The complaint alleges that defendant DeFilippis denied Plaintiff his Sixth Amendment right to counsel as follows: failing to call certain witnesses despite Plaintiff instructing him to do so and then telling the court that he expected the prosecutor to call the witnesses; lying to the court about knowing of the existence of a video that Plaintiff had informed him of previously; only visiting Plaintiff once in 2023 (via video) and once in 2024; refusing to answer questions posed by Plaintiff; withdrawing critical motions that Plaintiff filed; refusing to confer with Plaintiff; refusing to call witnesses or experts that Plaintiff instructed him to call; and refusing to put on a case when instructed to do so. Plaintiff alleges that defendant DeFilippis' ineffective assistance of counsel constituted effective abandonment of Plaintiff, rendered defendant DeFilippis a surrogate prosecutor, and resulted in Plaintiff's confinement. Plaintiff alleges that defendant DeFilippis also purposely bungled his representation of Plaintiff at Plaintiff's resentencing hearing. Plaintiff requests the following relief: "a judgment awarded in [his] favor," a minimum of $5 million in damages, and for the State Bar to discipline defendant

DeFilippis. *See generally* Dkt. No. 1.

### III. Dismissal with Prejudice

The action is DISMISSED because it fails to state a claim as a matter of law. Plaintiff sues defendant DeFilippis for his actions in his capacity as a court-appointed attorney, but court-appointed attorneys are not state actors within the meaning of 42 U.S.C. § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 317-19 (1981) (private attorney or public defender does not act under color of state law within meaning of Section 1983).[1] This action is dismissed with prejudice because amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

### CONCLUSION

For the foregoing reasons, the Court DISMISSES this action with prejudice. The Clerk shall enter judgment in favor of Defendant and against Plaintiff, terminate all pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated:   7/18/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] This action may also be barred by the *Heck* doctrine. Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), a court must dismiss a Section 1983 action where the plaintiff's success in the action would necessarily imply the invalidity of the plaintiff's conviction or sentence, and the conviction or sentence has not yet been invalidated. *Id*. at 486–87. Where the conviction or sentence has not yet been invalidated, the Section 1983 suit is barred no matter the relief sought (damages or equitable relief) and no matter the target of the suit (conduct leading to conviction or internal prison proceedings), *see Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005), and the suit should be dismissed, *see Edwards v. Balisok*, 520 U.S. 641, 649 (1997). Plaintiff appears to be alleging that his incarceration is invalid because it was due to defendant DeFilippis' constitutionally ineffective assistance of counsel. It is possible that success on this claim would necessarily invalidate any conviction or sentence arising from the alleged ineffective assistance of counsel. The *Heck* doctrine would preclude the Court from considering such a claim.